UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Amanda Engen, *on behalf of herself and others similarly situated*,

      Plaintiff,

v.

Grocery Delivery E-Services USA Inc. *doing business as* Hello Fresh,

      Defendant.

File No. 19-cv-2433 (ECT/TNL)

**OPINION AND ORDER**

---

Michael D. Reif, Brenda L. Joly, and Stacey P. Slaughter, Robins Kaplan LLP, Minneapolis, MN; Samuel J. Strauss, Turke & Strauss LLP, Madison, WI; and Anthony I. Paronich, Paronich Law, P.C., Hingham, MA, for Plaintiff Amanda Engen and proposed class.

Robert J. Gilbertson and Caitlinrose H. Fisher, Greene Espel PLLP, Minneapolis, MN; and Shannon Z. Petersen and Lisa S. Yun, Sheppard Mullin Richter & Hampton LLP, San Diego, CA, for Defendant Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh.

---

Defendant HelloFresh seeks an order staying this action pending the resolution of its appeal of the order denying its motion to compel arbitration. An order denying a motion to compel arbitration (or, more precisely, "refusing a stay of any action") is immediately appealable. 9 U.S.C. § 16(a)(1)(A). The Eighth Circuit has not decided whether the appeal of an order denying a motion to compel arbitration divests the district court of jurisdiction to proceed with the case. Most other circuits have. A majority have concluded that a stay of district court proceedings is required unless the appeal is frivolous. *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264–66 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482

F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160–62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251–53 (11th Cir. 2004); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 (D.C. Cir. 2002); *Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 505–07 (7th Cir. 1997). A minority have reached the opposite conclusion—that a stay is not mandatory. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907–09 (5th Cir. 2011); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53–54 (2d Cir. 2004); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411–12 (9th Cir. 1990). Courts in this District are split. *Compare Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, No. 13-cv-3342 (ADM/JJK), 2014 WL 2565652, at *2 (D. Minn. June 6, 2014) (finding the majority approach persuasive), *and Messina v. N. Cent. Distrib., Inc.*, No. 14-cv-3101 (PAM/SER), 2015 WL 4479006, at *2 (D. Minn. July 22, 2015) (same), *with McLeod v. General Mills, Inc.*, No. 15-cv-494 (JRT/HB), 2015 WL 7428548, at *2 (D. Minn. Nov. 20, 2015) (concluding a stay is not automatic). Many commentators have weighed in on the subject. *E.g.*, Travis M. Pfannenstiel, Comment, *The Entitlement to Avoid Litigation—Denied: How the Fifth Circuit's Rejuvenated Hostility Toward Arbitration Agreements Deprives Parties of Their Bargained-for Benefits [Weingarten Realty Investors v. Miller, 661 F.3d 904 (5th Cir. 2011)]*, 52 Washburn L.J. 177 (2012); Roger J. Perlstadt, *Interlocutory Review of Litigation-Avoidance Claims: Insights from Appeals Under the Federal Arbitration Act*, 44 Akron L. Rev. 375 (2011); Edward L. Jones III, Note, *Stop in the Name of Arbitration: Should Trial in the District Court Continue While the Court of Appeals Decides Arbitrability?*, 92 Iowa L. Rev. 1107 (2007); Michael P. Winkler, Comment, *Interlocutory*

*Appeals Under the Federal Arbitration Act and the Effect on the District Court's Proceedings*, 59 Okla. L. Rev. 597 (2006); Gabriel Taran, Comment, *Towards a Sensible Rule Governing Stays Pending Appeals of Denials of Arbitration*, 73 U. Chi. L. Rev. 399 (2006).

Faced with no controlling authority, a well-documented circuit split, and a large volume of persuasive authorities and scholarship, the task is not to write anything new (that seems impossible), but to choose between competing positions. With respect to that choice, it's hard to beat Judge Easterbrook's reasoning in *Bradford-Scott Data Corp.* There, he explained:

> [I]t is fundamental to a hierarchical judiciary that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). The qualification "involved in the appeal" is essential—it is why the district court may award costs and attorneys' fees after the losing side has filed an appeal on the merits, why the court may conduct proceedings looking toward permanent injunctive relief while an appeal about the grant or denial of a preliminary injunction is pending. Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under [9 U.S.C.] § 16(a)(1)(A), however; it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.
>
> \*   \*   \*
>
> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper.

> These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Bradford-Scott Data Corp.*, 128 F.3d at 505–06 (citations omitted).

It is true that a "frivolous appeal" of an order denying a motion to compel arbitration does not warrant a stay of district court proceedings. *Id.* at 506 ("Either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case."). No authority is cited defining a frivolous appeal in this context, but at least judged against an ordinary legal understanding of the term, Black's Law Dictionary 121, 811 (11th ed. 2019) (defining "frivolous appeal" as one "having no legal basis, usu. filed for delay to induce a judgment creditor to settle or to avoid payment of a judgment" and defining "frivolous" as, among other things, "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law"), HelloFresh's appeal is not frivolous.

4

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Grocery Delivery E-Services USA Inc.'s motion to stay proceedings [ECF No. 51] is **GRANTED**.

Dated:  June 10, 2020                              s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court